**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TERRENCE COOPER,   Civil Case No. 12-cv-15699
                   Criminal Case No. 09-cr-20105

    Petitioner,

v.   Sean F. Cox
     United States District Judge

UNITED STATES OF AMERICA,

    Respondent.
_____/

**OPINION AND ORDER
DENYING PETITIONER TERRENCE COOPER'S §2255 MOTION TO VACATE AND
GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Petitioner Terrence Cooper's ("Cooper") Motion to Vacate under 28 U.S.C. § 2255 [Docket Entry No. 197, 198, 208] and the United State of America's ("the Government") Motion to Dismiss Cooper's Motion to Vacate [Docket Entry No. 214].

Having reviewed the pertinent materials in this case, the Court sees nothing that requires factual development at an evidentiary hearing. *See* 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."); s*ee also Fontaine v. United States*, 411 U.S. 213, 214–15, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973) (holding that a petitioner is entitled to an evidentiary hearing unless the files and records of the case conclusively show that the petitioner is not entitled to relief). Likewise, the Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not

1

significantly aid the decision making process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided on the briefs.

For the reasons that follow, this Court shall **DENY** Cooper's Motion to Vacate and **GRANT** the Government's Motion to Dismiss. The Court **SHALL NOT** enter a certificate of appealability.

## BACKGROUND

The underlying criminal action involves a multi-defendant drug conspiracy . On October 16, 2009, a third superceding indictment was returned charging Cooper with (1) Count 1-Possession with Intent to Distribute Marijuana and Aiding and Abetting the same under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (2) Count 3-Conspiracy to Distribute Marijuana under 21 U.S.C. §§ 841(a)(1) and 846; and (3) Count 4-Forfeiture. (Docket Entry No. 54.)

On October 1, 2010, this Court held a plea hearing. (Cooper Plea Hearing Tr., Oct. 1, 2010, at 1.) The relevant portions of the transcript are as follows:

> The Court: I'm going to ask you some questions regarding the facts of the crimes with which you're charged. You must tell the truth. Any false answers can be used against you in a separate prosecution for perjury or false statement. Do you understand that?
> Defendant Cooper: Yes . . . .
> The Court: [D]o you understand that you have a constitutional right to remain silent and not incriminate yourself?
> Defendant Cooper: Yes.
> The Court: Do you want to give up that right now and plead guilty to Count One of the Indictment?
> Defendant Cooper: Yes . . . .
> The Court: Are you pleading guilty freely and voluntarily because you are guilty and it is your choice to plead guilty?
> Defendant Cooper: Yes, sir.
> The Court: All right. Mr. Cooper, what is it that you did which makes you believe that you're guilty under Court One of possession with intent to distribute marijuana?
> Defendant Cooper: Helped package large quantities of marijuana for shipment to Michigan.
> The Court: Okay. You were working with others to package this marijuana?

>    Defendant Cooper: Yes, sir.
>    The Court: And who were the others?
>    Defendant Cooper: Dye, Young, Diggins, another Young -- wow. Is it Filmore Taylor? And there was another one. His name is on here. I think it's Flourney. Flourney, yeah.
>    The Court: Okay. And you packaged marijuana with these individuals. What was your intent -- what did you plan to do with the marijuana that you were packaging?
>    Defendant Cooper: I guess when they came back to Michigan they were going to sell it.
>    The Court: All right. And when you were packaging, did you know it was their intent to sell the marijuana?
>    Defendant Cooper: Yes.
>    The Court: Okay. And how much marijuana were you and your co-conspirators involved in packaging?
>    Defendant Cooper: How much? You know what? To be honest, I don't know how much exactly. They were –
>    The Court: Was it more than 100 kilograms?
>    Defendant Cooper: Yes, yeah. Yeah.
>    The Court: And when did you do this?
>    Defendant Cooper: Was it February -- February '09, I think it was the 25th.
>    The Court: And where did you do this?
>    Defendant Cooper: In Arizona.
>    The Court: Okay. And was it your understanding and belief that this marijuana that you were packaging was again going to be distributed in Michigan?
>    Defendant Cooper: In Michigan, yes . . . .
>    The Court: All right. Again, Mr. Cooper, is it your decision, is it your choice to plead guilty to Count One of the indictment?
>    Defendant Cooper: Yes, sir.
>    The Court: This Court finds that Mr. Cooper's plea is knowingly, freely and voluntarily made and the elements of the offense of possession with intent to distribute marijuana have been made out by statements here in open Court.
>    It's my understanding that the parties wish that the Court take the Rule 11, as well as the plea, under advisement.
>    Is that correct?
>    Mr. Tauber: That's correct, Your Honor.
>    The Court: And that's what I will do . . . .

(*Id.* at 3:21–4:1, 4:4–10, 14:14–25, 15–16.)

On or around October 5, 2010, Cooper signed a rule 11 plea agreement, agreeing to enter a guilty plea to count 1 in the third superceding indictment in exchange for the dismissal of count 3,

3

as well as the Government agreeing that it will not bring any additional charges against Cooper based on the facts alleged in the worksheets attached to the plea agreement. (Docket Entry No. 148, at 6, 12.) At this time, Cooper was represented by trial counsel Marshall S. Tauber. (*Id.* at 12.) The factual basis of the plea agreement states as follows:

> On or about February 25, 2009, Terrence Cooper aided and abetted one or more of his co-defendants in the possession with the intent to distribute marijuana in the Eastern District of Michigan and elsewhere. Beginning in about 2005, Tyree Cornelius Dye, Akil Juma Young, and others traveled from Michigan to Arizona in order to obtain large quantities of marijuana. This marijuana was repackaged and shipped to Michigan for further distribution by Young, Dye and others. On at least two occasions, most recently in February 2009, Terrence Cooper assisted Young and Dye in the packaging of large quantities of marijuana for shipment to Michigan, where it would be further distributed.
> It is agreed for guideline purposes that Terrence Cooper assisted in packaging 700 kilograms of marijuana for distribution in Michigan.

(*Id.* at 2–3.) The plea agreement states that the agreed upon sentencing guideline range is 57 to 71 months, and that the Government recommends that Cooper should be granted a reduction of three levels for acceptance of responsibility, and two levels for the safety valve reduction. (*Id.* at 3–5.) In addition, the plea agreement states that this Court **must** impose a term of supervised release of no less than four (4) years. (*Id.* at 5.) The plea agreement also contains an appeal waiver provision, which states as follows:

> If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives the right to appeal his conviction or sentence on any grounds. If the sentence imposed is within the guideline range determined by Paragraph 2B, the government agrees not to appeal the sentence but retains its right to appeal any sentence below that range.
> Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his conviction or sentence in any post-conviction proceeding, including–but not limited to–any proceeding under 28 U.S.C. § 2255.

(*Id.* at 7–8.)

On January 14, 2011, Cooper submitted a sentencing memorandum to this Court, which states that "Mr. Cooper was not involved in anything besides assisting others, on two occasions, in the heavy lifting and making sure that the marijuana packages were sufficiently wrapped and secure. As a result of his limited involvement, he has been considered a minor participant in this offense . . . . Mr. Cooper became involved for no reason other than his loyalty to his friends and teammates and his misguided sense of obligation to them for their favors." (Docket Entry No. 157, at 5.) The sentencing memorandum makes the following request:

> The stipulated quantity in this matter led to probation scoring the Base Offense Level of 30. A two-level reduction for the safety-valve, a two level reduction for being a minor participant and a three level reduction for acceptance of responsibility has resulted in a Total Offense Level of 23 . . . . Mr. Cooper's Criminal History Computation result is a Level 1 . . . . A minimum sentence in this matter of 57 months is wholly unjust and under the circumstances, is greater than necessary and violates the requirements of 18 U.S.C. § 3553(a).
> Mr. Cooper was clearly on the border-line between a minor participant in this matter to being minimal participant. He never sought money nor, drugs he was helping his friends under a skewed notion of loyalty in return for what he mistakenly believed were their kind acts of generosity. As stated above, unlike all of the defendants who have already been sentenced, Mr. Cooper was never a focus of the investigation until after the fact, his home was never raided, he was never detained while transporting large quantities of cash or marijuana, nor was he found to have upgraded his lifestyle with lavish possessions. Thus, when his low level of involvement in the criminal activity is combined with his Level 1 criminal history score, a minimum sentence exceeding 30 to 36 months, especially when compared to all of the other defendants charged and sentenced already in this matter, would be unjust and excessive.

(*Id.* at 7–8.)

At the January 21, 2011, sentencing hearing, this Court accepted Cooper's guilty plea, as well as the Rule 11. (Cooper's Sentencing Hearing, Jan. 21, 2011, at 3–4.) At the plea hearing, and again at the sentencing hearing, this Court informed Cooper of the appeal waiver provision in his

plea agreement. (*Id.* at 24–25; Cooper Plea Hearing Tr., at 12–13.) Cooper reaffirmed to this Court that he fully understood, and voluntarily agreed to, the appeal waiver provision in the plea agreement, which included a provision waiving his ability to file a § 2255 habeas motion. (*Id.*) In addition, the Court determined, based on Cooper's representations at the plea hearing, as well as the factual assertions that Cooper agreed to in the plea agreement, that Cooper's plea was freely, voluntarily, knowingly, and intelligently entered into. (Cooper Plea Hearing Tr. at 16:13–16.) Cooper provided no argument or assertions suggesting otherwise.

The Court, thereafter, sentenced Cooper to thirty-six (36) months imprisonment, and ordered that, upon Cooper's release from imprisonment, he shall (1) be on supervised release for a term of four (4) years and (2) perform two hundred (200) hours of community service. (Cooper Sentencing Hearing Tr. at 20:9–21:4; Docket Entry No. 159, at 1–4.) On February 11, 2011, the Court entered Judgment. (Docket Entry No. 159.)

Thereafter, on December 12, 2012, Cooper filed his Motion to Vacate, which now contends, among other things, that he is actually and legally innocent of the counts asserted against him in the third superceding indictment. (Docket Entry No. 197–98, 200, 208.) Thereafter, the Government filed a Motion to Dismiss Cooper's Motion to Vacate based on Cooper's representations in the plea agreement and the sentencing memoranda, as well as Cooper's representations at the plea and sentencing hearings. (Docket Entry No. 214.) Cooper filed a reply on May 2, 2013. (Docket Entry No. 215.)

**STANDARD OF REVIEW**

To prevail under § 2255, the record must reflect a fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error that violates due process. *See*

6

*Riascos-Suarez v. United States*, 221 F.3d 1335 (6th Cir. 2000) (citing *Wright v. United States*, 182 F.3d 458, 463 (6th Cir.1999)); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). "[A] petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (internal citation omitted). Non-constitutional errors are generally outside the scope of § 2255 relief. *See United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (internal citation omitted).

## ANALYSIS

In his Motion to Vacate, Cooper asserts that (1) he is actually and legally innocent of all the crimes that he is alleged to have committed in the indictment; (2) his attorney provided him with ineffective assistance; and (3) his sentence was unjust and contrary to the sentencing guidelines. (Docket Entry No. 197–200, 208.)

**A.     The Plea Agreement.**

As a part of his plea agreement, Cooper agreed to waive his right to file post-conviction motions, including his right to file a § 2255 habeas motion. (Docket Entry No. 148, at 7–8.) This Court expressly informed Cooper of this provision at the plea hearing and the sentencing hearing. (Cooper's Sentencing Hearing, Jan. 21, 2011, at 24–25; Cooper Plea Hearing Tr., at 12–13.) In response, Cooper asserted that he understood the consequences of his plea, including the waiver provision. (*Id*.)

7

Waivers of § 2255 rights in plea agreements are generally enforceable. *See Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001). Valid plea agreement waivers must be entered into "knowingly, intelligently, and voluntarily." *Id.* at 451. In addition, collateral attack waivers in plea agreement generally does not bar review of claims "that go to the very validity of a guilty plea." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). Thus, Cooper may properly assert that his § 2255 waiver was not entered into knowingly, voluntarily, or that the agreement was a product of counsel's ineffective assistance. *See id.*, n. 2.

In his habeas motion, Cooper does not contest that he fully understood all the terms of his plea, and Cooper has not provided any evidence suggesting that his right to proceed to trial, as well as his right to file a § 2255 habeas motion, were not knowingly, intelligently, and voluntarily waived or the product of ineffective assistance of counsel. Because Cooper does not attack the validity of his plea or his § 2255 waiver in the manner described above, the terms of the Plea Agreement bar all § 2255 claims.

Regardless, for the reasons that follow, Cooper's claims have no merit.

**B.   Actual and Legal Innocence.**

Cooper claims that he is actually and legally innocent of the crimes asserted against him in the third superceding indictment. (Docket Entry No. 197; Docket Entry No. 198, at 4–6; Docket Entry No. 208, at 1–8, 13–15.) To support a claim of actual innocence, a petitioner must demonstrate that, in light of the evidence, it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Cooper's claims of actual and legal innocence contradicts his testimony at his plea hearing. Cooper has not pointed to any evidence of actual innocence, nor does he deny his involvement in the

underlying drug conspiracy in this action, instead Cooper contends that the evidence that the Government would have offered against him, if this matter would have proceeded to trial, is legally insufficient to establish his guilt beyond a reasonable doubt. "'[A]ctual innocence means factual innocence, not mere legal insufficiency.'" *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). Regardless, after listing to the factual basis for his guilty plea at the plea hearing, this Court found that the elements of count 1 were met. Because Cooper does not deny his involvement in the drug conspiracy, and because he does he provide any evidence suggesting that he is innocent of the crime that he confessed to committing, Cooper's claims of actual and legal innocence are dismissed.

**C.   Ineffective Assistance of Counsel.**

Cooper broadly contends that he was provided with ineffective assistance of counsel, which presumably led to his plea agreement, conviction, and sentence. (Docket Entry No. 197; Docket Entry No. 198, at 8–13; Docket Entry No. 208, at 1–8, 17–22.) The two-prong test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), governs the analysis of Dye's ineffective assistance of counsel claim. The first prong requires Cooper to show that his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. 2052. The second prong requires Cooper to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052.

Cooper offers very limited argument to support his claim of ineffective assistance of counsel. He does states that the Court must reverse his conviction based on the allegedly unjust sentence

imposed, as well as the alleged "fact that his own attorney had him lie to become a criminal so he could plea guilty to a crime to be assured of a three year prison sentence instead of a 10-year sentence." (Docket Entry No. 198, at 8–9; Docket Entry No. 208, at 17–18.) These arguments seem relate to Cooper's claim of actual and legal innocence. Cooper also mentions that his attorney should have filed a motion to sever. The Court cannot find anything in the record, or in Cooper's motion, suggesting that he was provided with ineffective assistance of counsel. Accordingly, his claim of ineffective assistance of counsel is dismissed.

**D.     Cooper's Sentence.**

Cooper contends that his sentence was unjust and contrary to the sentencing guidelines. (Docket Entry No. 197; Docket Entry No. 198, at 6–13; Docket Entry No. 208, at 1–8, 15–22.) All of Cooper's claims with regard to his sentence have no merit, and are incredible considering the sentence that this Court imposed on Cooper. Regardless, because Cooper's plea and the waiver provision in the Plea Agreement was knowingly, voluntarily, and freely given, and not the product of ineffective assistance of counsel, Cooper waived his right to challenge his sentence.

**E.     Denial of Certificate of Appealability.**

A certificate of appealability must issue before a petitioner such as Cooper may appeal the district court's denial of his § 2255 Motion. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b). Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). As the United States Supreme Court has explained this standard:

> the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.

10

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). "Where a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a certificate of appealability is issued by a district court, it must indicate which specific issue or issues satisfy the required showing. 28 U.S.C. § 2253(c)(3).

After careful consideration, the Court concludes that reasonable jurists would not find the Court's assessment of Cooper's claims debatable or wrong. The Court shall therefore decline to issue a certificate of appealability.

## CONCLUSION AND ORDER

**IT IS ORDERED** that Cooper's Motion to Vacate is **DENIED**, and the Government's Motion to Dismiss is **GRANTED**. The Court **SHALL NOT** issue a certificate of appealability.

**IT IS SO ORDERED**.

Dated: July 23, 2013             S/ Sean F. Cox
                                           Sean F. Cox
                                           U. S. District Court Judge

I hereby certify that on July 23, 2013, the foregoing document was served upon counsel of record

by electronic means and upon Terrence Cooper by First Class Mail at the address below:

Terrence Cooper # 44577-039
Hazelton U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 2000
Bruceton Mills, WV 26525

Dated:  July 23, 2013                                  S/ J. McCoy                
                                                                        Case Manager